**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| LAUREN TAYLOR and ELAINE TAYLOR, </br></br>Plaintiffs, </br></br>v. </br></br>JEFF ROBERTS and JEFF ROBERTS & ASSOCIATES, PLLC, </br></br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) Cause No. 4:24-cv-00921-JSD |

## MEMORANDUM AND ORDER

This matter is before the court on Defendants Jeff Roberts and Jeff Roberts & Associates, PLLC's Motion to Dismiss Amended Complaint ("Motion to Dismiss") (ECF No. 28). This matter is fully briefed and ready for disposition. For the reasons stated herein, the motion will be granted.

## BACKGROUND

Plaintiff Lauren Taylor ("Lauren") suffered head injuries while working at a horse show for her employer John & Stephanie Ingram, LLC ("Ingram") in South Carolina on May 12, 2019. (Amended Complaint ("Am. Compl."), ECF No. 24 ¶ 2). While in comatose, Lauren was transferred to Georgia for treatment, where her mother, Plaintiff Elaine Taylor ("Elaine"), petitioned for and was granted guardianship on September 6, 2019, and conservatorship on October 21, 2019, by the Probate Court of Fulton County ("Probate Court"). (Am. Compl., ¶ 10). Lauren was discharged and returned to Elaine's home on or about May 2, 2020, where Elaine cared for her. (Exhibit 1 to Am. Compl. ("Ex. 1"), ECF No. 24 ¶ 22). On May 7, 2020, the Probate Court

1

appointed William Jenkins ("Jenkins") as Lauren's Temporary Substitute Conservator. (Am. Compl., ¶ 14). Plaintiffs state that they did not know that Elaine had been suspended as Lauren's conservator and, on May 8, 2020, Plaintiffs contracted with Defendants and another firm that is not a party to this suit to represent Lauren in her workers' compensation claim. (Am. Compl., ¶¶ 15-16). Plaintiffs claim this contract was void because it was entered into without authority. (Ex. 1, ¶ 25). On July 8, 2020, Defendants filed a Petition for Benefit Determination on behalf of Lauren in the Tennessee Court of Workers' Compensation Claims. (Am. Compl., ¶ 20). Plaintiffs contend that they did not know about this filing until May 24, 2024, when the Tennessee Workers' Compensation Appeals Board provided them with the Record on Appeal. (Ex. 1 at 4 n.8). On October 12, 2020, Jenkins also contracted with Defendants to represent Lauren in her workers' compensation claim. (Am. Compl., ¶ 25). Plaintiffs claim that Jenkins had no authority to contract with Defendants either because his appointment expired on September 4, 2020, and that the Letters of Temporary Substitute Conservatorship of Adult Ward dated July 17, 2020, did not extend his appointment because it was not accompanied by a court order. (Ex. 1, ¶¶ 33, 41).

On August 18, 2021, Defendants entered a settlement agreement with Ingram for a total of $1,330,800.00 in permanent disability benefits, payable monthly in the amount of $2,218.00 to Employee's Special Needs Trust administered by The Center for Special Needs Trust Administration, as well as $410,000 in future medical benefits, also paid to Employee's Special Needs Trust (Exhibit A to Defendants' Memorandum in Support of Motion to Dismiss, ECF. No. 29 at 3). Plaintiffs claim they have not received any payments from the Special Needs Trust, which has filed for bankruptcy in February of 2024 according to Plaintiffs. (Am. Compl., ¶ 81). Plaintiffs claim they were not notified about the settlement hearing and Defendants had no authority to represent Lauren in the settlement hearing because neither Elaine nor Jenkins's retainment of

2

Defendants was valid. (Ex. 1, ¶¶ 50-54). On August 26, 2021, the Probate Court approved the settlement agreement. (Ex. 1, ¶ 57). On November 24, 2021, the Tennessee Court of Workers' Compensation Claims approved the settlement *nunc pro tunc* for August 24, 2021. (Exhibit B to Defendants' Memorandum in Support of Motion, ECF No. 29). Lauren has since filed a motion to set aside the settlement in the Tennessee Court of Workers' Compensation Claims, a notice of appeal with the Tennessee Workers' Compensation Appeals Board, and appeals in Georgia courts contesting the validity of the conservatorship order. (Exhibit C to Defendants' Memorandum in Support of Motion ("Ex. C"), ECF. No. 29 at 2). Plaintiff's motion to set aside in the Tennessee Court of Workers' Compensation Claims was denied. (Ex. C at 3).

In their Amended Complaint (ECF No. 24), Plaintiffs allege claims for legal malpractice, negligence, and breach of fiduciary duty against Defendants under Tennessee law. For relief, Plaintiffs seek actual and punitive damages in the amount of $10,000,000 for Lauren, and $2,000,000 for Elaine. In their Motion to Dismiss (ECF No. 28), Defendants argue that this Court lacks subject matter jurisdiction to hear the case because of the Rooker-Feldman doctrine, the probate exception, workers' compensation exclusivity, and that Plaintiffs fail to state a claim for which relief may be granted.

## **STANDARD OF REVIEW**

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp., v. Twombly,* 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal,* 556 U.S. at 678

(quoting *Twombly,* 550 U.S. at 556). Several principles guide the Court in determining whether a complaint meets the plausibility standard. The court must take the plaintiff's factual allegations as true. *Iqbal*, 556 U.S. at 678. "This tenet does not apply, however, to legal conclusions or 'formulaic recitation of the elements of a cause of action'; such allegations may properly be set aside." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *In re Pre-Filled Propane Tank Antitrust Litig.*, 893 F.3d 1047, 1056 (8th Cir. 2018) (citing *Iqbal*, 556 U.S. at 678). Rather, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

## DISCUSSION

### A. Subject matter jurisdiction

Subject matter jurisdiction "is a threshold requirement which must be assured in every federal case." *Turner v. Armontrout*, 922 F.2d 492, 493 (8th Cir. 1991). Defendants argue that the Court lacks subject matter jurisdiction to hear the claim on several grounds. First, they argue that the *Rooker-Feldman* Doctrine bars federal jurisdiction. (ECF No. 29 at 7). The *Rooker-Feldman* Doctrine recognizes that, except for habeas corpus petitions, "lower federal courts lack subject matter jurisdiction over challenges to state court judgments." *Kvalvog v. Park Christian School, Inc.*, 66 F.4th 1147, 1152 (8th Cir. 2000). "The doctrine applies only in limited circumstances where a party in effect seeks to take an appeal of an unfavorable state-court decision to a lower federal court." *Id.* (citing *Lance v. Dennis*, 546 U.S. 459, 466 (2006)). "If a federal plaintiff presents some independent claim, albeit one that denies a legal conclusion that a state court has

4

reached . . . then there is jurisdiction." *Id.* (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005)).

Plaintiffs' claims are not barred by the *Rooker-Feldman* Doctrine. Plaintiffs are challenging Defendants' acts that occurred during the workers' compensations proceedings, not the state court's final judgment. Plaintiffs admit that they are currently appealing the underlying case in the respective state courts that have issued the judgments but are not challenging the state courts' judgments in this case. (ECF No. 31 at 7). Plaintiffs allege, among others, that Defendants settled their claim for less than what they were entitled to and negligently placed the settlement award into an insolvent trust, which caused Plaintiffs to receive no payments from the settlement award to date. (ECF No. 31 at 1). These actions are tort claims independent from the workers' compensation claim filed in state court. As such, the Court will decide on the legal malpractice claim while leaving the holdings of the state courts untouched. Defendants also assert that multiple state proceedings are inextricably intertwined with Plaintiffs' claims. However, "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005). As such, Plaintiffs seeking redress in the Tennessee and Georgia courts does not itself bar their claim in federal court.

Similarly, Defendants argue that the probate exception bars Plaintiffs from challenging the Probate Court's decisions in this Court. (ECF No. 29 at 9). The probate exception "precludes federal courts from disposing of property that is in the custody of a state probate court. But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction." *Marshall v. Marshall*, 547 U.S. 293, 312 (2006). In *Marshall*, the Supreme Court held that the probate exception cannot bar a plaintiff from bringing a tortious interference

5

claim that is otherwise within federal jurisdiction in federal court. *Id.* at 314. Defendants cite various cases where the probate exception barred challenges to guardianship in federal courts. (ECF. No. 29 at 9-10). However, Plaintiffs are not challenging guardianship in this case. Plaintiffs are bringing a legal malpractice claim against Defendants, which is a tort claim similar to the tortious interference claim that the Supreme Court in *Marshall* found not to be barred by the probate exception. To the extent Plaintiffs are seeking an *in personam* judgment against the Defendants, their claim is not barred by the probate exception. *See Marshall*, 547 U.S. at 312.

Defendants also argue that Tennessee's workers' compensation exclusivity bars federal jurisdiction in this case because Tennessee law provides for exclusivity of its workers' compensation scheme. (ECF No. 29 at 10-11). Defendants argue that the exclusivity applies to all injuries that "arose out of" and occurred "in the course of" employment. (ECF No. 29 at 11). The "arose out of" requirement is satisfied "when there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury." *Phillips v. A&H Const. Co.*, 134 S.W.3d 145, 150 (Tenn. 2004). The "in the course of" requirement is satisfied when the injury "occurs while an employee is performing a duty he was employed to do." *Id.* A legal malpractice claim satisfies neither the "arise out of" nor the "occur in the course of" requirement as it neither has any casual connection to the conditions under which the work is required to be performed nor did it occur while the employee was performing a duty for which he was employed. As such, Plaintiffs' legal malpractice claim is separate from the underlying workers' compensation itself and is not barred by the workers' compensation exclusivity. Defendants cite cases where federal courts granted motions to dismiss for lack of subject matter jurisdiction given the exclusivity of the workers' compensation regime. However, in those cases, the claims involved physical injuries

6

incurred during employment and not legal malpractice claims that arose from litigating workers' compensation cases. Indeed, federal courts have jurisdiction to hear legal malpractice claims arising out of Tennessee workers' compensation cases. *See*, *e.g.*, *Payne v. Lee*, 686 F. Supp. 677 (E.D. Tenn. 1988), *aff'd sub nom. Payne v. The L. Ctr., P.C.*, 872 F.2d 1027 (6th Cir. 1989) (legal malpractice claim for failure to pursue personal injury claim); *Nickles v. L. Offs. Of Donald D. Zuccarello*, No. 3:06CV0702, 2008 WL 53689 (M.D. Tenn. Jan. 2, 2008) (legal malpractice claim for preventing plaintiffs from pursuing employment discrimination that arose from workers' compensation claim). Accordingly, the Court holds that it has subject matter jurisdiction over this case.

## B. Lack of standing

Defendants also argue that Elaine lacks standing to bring this case. (ECF No. 29 at 11). The Court agrees. The plaintiff has the burden to show that she has a personal stake in the case by showing three things: "(i) that she suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury likely was caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021). In legal malpractice cases, an injury may take the form of the plaintiff "being forced to take some action or otherwise suffer 'some actual inconvenience,' such as incurring an expense, as a result of the defendant's negligent or wrongful act." *John Kohl & Co. P.C. v. Dearborn & Ewing*, 977 S.W.2d 528, 532 (Tenn. 1998). Plaintiffs argue that Elaine's injury is that she suffered inconvenience by having to take care of her daughter Lauren, that she incurred expenses from having to pay for Lauren's medical care, as well as loss of income from having to take time off work to take care of her. (ECF No. 31 at 9-10). However, even assuming Elaine did suffer an actual injury, Elaine still lacks standing for failure to establish causation, which requires that the injury

7

be "fairly traceable to the defendant's challenged action, and not the result of the independent action of some third party not before the court." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). Elaine's caring for Lauren and taking time off work is not fairly traceable to Defendants' alleged malpractice and negligence in representing Lauren in her workers' compensation claim. Elaine's decision to leave work and take care of her daughter was independent of any action by Defendants. In fact, Elaine made the decision to bring Lauren home to take care of her on or about May 2, 2021, before she even retained Defendants on May 8, 2021. As such, Elaine's injuries cannot be said to have been caused by Defendants' challenged actions.

Moreover, Plaintiffs' causes of action, as outlined in the amended complaint, are legal malpractice, negligence, and breach of fiduciary duty, all of which are Lauren's causes of action and not Elaine's. For a legal malpractice claim, the plaintiff must show: "(1) the defendant attorney owed a duty to plaintiff; (2) the attorney breached that duty; (3) the plaintiff suffered damages; and (4) the breach proximately caused the plaintiff's damage." *Tenn-Fla Partners v. Shelton*, 233 S.W.3d 825, 830 (Tenn. Ct. App. 2007). Negligence claims similarly require a showing of "duty of care owed by the defendant to the plaintiff." *Satterfield v. Breeding Insulation Co.*, 266 S.W.3d 347, 355 (Tenn. 2008). For a breach of fiduciary duty claim, a plaintiff must establish a fiduciary relationship between the plaintiff and the defendant. *In re Est. of Potter*, No. W201601809COAR3CV, 2017 WL 4546788, at *4 (Tenn. Ct. App. Oct. 11, 2017). Plaintiffs have not alleged any facts showing that Defendants owed Elaine a duty of care or a fiduciary duty. As a general rule under Tennessee law, "an attorney is not liable for negligence to third parties who are not clients and are not in privity of contract with the attorney." *Stinson v. Brand*, 738 S.W.2d 186, 190 (Tenn. 1987). Only in limited circumstances are attorneys liable to third persons. *See, e.g.*, *Peerman v Sidicane*, 605 S.W.2d 242 (Tenn. App. 1980) (malicious prosecution and abuse of

8

process); *Tartera v Palumbo*, 453 S.W.2d 780 (1970) (liability of businesses or professional persons who negligently supply false information for the guidance of others in their business transactions). Plaintiffs have not alleged any facts to show an exception to the general rule that attorneys are only liable for negligence to their clients. Defendants represented Lauren only, and any breach of duty of care or fiduciary duty was to Lauren only. Thus, Elaine does not have standing in this case.

### C. Statute of limitations

Defendants argue that Plaintiffs' claims are barred by the statute of limitations. (ECF No. 29 at 12-14). Under the Missouri borrowing statute, a claim is barred in Missouri if it "has been fully barred by the laws of the state . . . in which it originated." Mo. Ann. Stat. § 516.190. Defendants argue that because the statute of limitations has passed in Tennessee, Plaintiffs cannot bring this case claim in Missouri. (ECF No. 29 at 13). On the other hand, Plaintiffs argue that the Missouri statute of limitations should apply. (ECF No. 31 at 12). To determine which state's statute of limitations applies, the Court uses the "most significant relationship" test. *Thompson by Thompson v. Crawford*, 833 S.W.2d 868, 870 (Mo. 1992). The factors that courts consider include: "(a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered." *Id.* Applying the factors to this case, Tennessee is the state with the most significant relationship to this case. Defendants reside and practice law in Tennessee, the injury occurred mostly in Tennessee since the workers' compensation claim was litigated in Tennessee, and it is also where the relationship between Plaintiffs and Defendants was centered. As such, the Tennessee statute of limitations applies in this case.

9

The Tennessee statute of limitations provides that actions against attorneys shall be commenced within one year after the cause of action accrued. Tenn. Code Ann. § 28-3-104(c)(1). When the statute of limitations begins to run is determined by the discovery rule, which includes two components:

> (1) the plaintiff must suffer legally cognizable damage—an actual injury—as a result of the defendant's wrongful or negligent conduct, and (2) the plaintiff must have known or in the exercise of reasonable diligence should have known that this injury was caused by the defendant's wrongful or negligent conduct.

*John Kohl & Co. P.C. v. Dearborn & Ewing*, 977 S.W.2d 528, 532 (Tenn. 1998). An injury occurs when there is "loss of a legal right, remedy or interest, or the imposition of a liability". *Id.* The knowledge requirement of the discovery rule may be established through actual or constructive knowledge. *Id.* Under constructive knowledge, the statute of limitations runs when "the plaintiff becomes aware or reasonably should have become aware of facts sufficient to put a reasonable person on notice that an injury has been sustained as a result of the defendant's negligent or wrongful conduct." *Id.* A plaintiff may not delay filing until all injurious effects of the alleged wrong are known to the plaintiff. *Id.* at 533. Furthermore, "[t]olling theories . . . are only available to a plaintiff who has exercised reasonable diligence. The plaintiff must go find the facts; [she] cannot wait for the facts to find [her]." *Doe v. Cath. Bishop for Diocese of Memphis*, 306 S.W.3d 712, 730-31 (Tenn. Ct. App. 2008). Finally, "the statute is tolled only during the period when the plaintiff had no knowledge at all that the wrong had occurred and, as a reasonable person, was not put on inquiry." *Potts v. Celotex Corp.*, 796 S.W.2d 678, 680-81 (Tenn. 1990).

Applying the law to the facts of this case, the Court finds that the one-year statute of limitations for Plaintiffs' claim has expired. Plaintiffs argue that they did not discover many of Defendants' actions until June of 2024. (ECF No. 31 at 11). Even if this is true, Plaintiffs had

10

knowledge of many of their injuries well before then. For example, Plaintiffs claim that Defendants settled Lauren's workers' compensation claim for less than she was entitled to and against her best interests. This injury occurred when the claim was settled and approved in November of 2021. Plaintiffs were clearly aware of the settlement, and hence the injury, at the time because they filed a Motion to Set Aside in the Tennessee Workers' Compensation Court in 2021 to challenge the settlement. Another injury Plaintiffs claim is that Defendants put Plaintiffs' settlement award into an insolvent trust, causing them to receive no payments from the settlement award. Plaintiffs assert that the statute of limitations did not run until the trust filed for bankruptcy in 2024. But they also claim that they have not received any payments from the trust since the settlement in 2021, which is when the injury began to occur. "A plaintiff is not entitled to delay filing until all injurious effects or consequences of the actionable wrong are fully known." *Weber v. Moses*, 938 S.W.2d 387, 393 (Tenn. 1996). Plaintiffs knew that the Defendants put the settlement award into the trust and knew that they suffered an injury when they did not receive payment from the trust as set out in the settlement order. Plaintiffs were required to exercise reasonable diligence and find the facts relevant to the tolling of the statute of limitations. *Doe v. Cath. Bishop for Diocese of Memphis*, 306 S.W.3d at 730-31. Plaintiffs admitted that it was not until after the trust filed for bankruptcy in 2024 that they found out the trust was insolvent with "basic research." (Am. Compl., ¶ 81). Because it is not the case that Plaintiffs "had no knowledge at all that the wrong had occurred," *Potts v. Celotex Corp.*, 796 S.W.2d at 680, the statute of limitations was not tolled.

Plaintiffs additionally argue that the statute of limitations should be tolled because Defendants refused to provide documents to Plaintiffs, and prevented Plaintiffs from obtaining knowledge that Defendants had no authority to settle Lauren's workers' compensation claim. (ECF No. 31 at 11). An attorney's purposeful concealment "of facts that prevents the client from learning

11

of an injury can toll the statute of limitations on legal malpractice." *Cherry v. Williams*, 36 S.W.3d 78, 85 (Tenn. App. 2000). However, the concealment "must involve facts from which the client could deduce that it had a cause of action." *Id.* Here, Plaintiffs contend that Defendants tried to prevent them from learning that Defendants had no authority to settle their workers' compensation claim. Even assuming the claim to be true, Plaintiffs still had actual knowledge of the settlement judgment and of their claim that Defendants settled against their best interests since they began to challenge the settlement in court as early as in 2021. As such, the Tennessee statute of limitations has not been tolled and has expired, thus barring the Plaintiffs' claim.

In the alternative, Plaintiffs argue that the statute of limitations for breach of fiduciary duty and negligence should apply. (ECF No. 31 at 12). The statute of limitations governing breach of fiduciary duty in Tennessee is the same as the statute governing legal malpractice. Both claims have a one-year statute of limitations, which has expired. Tenn. Code Ann. § 28-3-104 (West). The statute of limitations governing negligence resulting in injury to property in Tennessee is three years. Tenn. Code Ann. § 28-3-105 (West). However, Plaintiffs have not provided any legal authority to support their argument that the three-year statute of limitations should apply, nor have they provided any facts to support a negligence claim separate from a legal malpractice claim. As such, the Tennessee statute of limitations bars Plaintiffs from bringing their claim in this Court.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Motion to Dismiss Amended Complaint (ECF No. 28) is **GRANTED**. Plaintiffs' claims are dismissed with prejudice because they are barred by the statute of limitations and because Elaine lacks standing to bring the claims. An appropriate Order of Dismissal is filed herewith.

_____
**JOSEPH S. DUEKER**
**UNITED STATES MAGISTRATE JUDGE**

Dated this 23rd day of April, 2025.